UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOUGLAS B. STALLEY, in his capacity as Personal Representative of the Estate of Gary Robertson and JEREMIAH HALLBACK, individually, and on behalf of all those similarly situated,

Plaintiffs,

Case No.: 8:11-cv-1652-T-33TBM

v.

ADS ALLIANCE DATA SYSTEMS, INC.,

Defendant.
______________________________/

**ORDER**

This matter comes before the Court pursuant to Defendant's Motion to Dismiss Second Amended Class Action Complaint (Doc. # 105), filed on August 17, 2012. Plaintiffs filed a response in opposition to the motion on September 14, 2012. (Doc. # 111).

For the reasons that follow, the Court denies Defendant's motion to dismiss.

## I. Background

Gary Robertson initiated this putative class action in state court on June 22, 2011, against Defendant ADS Alliance Data Systems, Inc. for alleged violations of the Florida Security of Communications Act, Section 934.01 et seq. (Doc. # 2). Defendant removed the case to this Court on July 25,

2011, pursuant to the federal Class Action Fairness Act. (Doc. # 1). On October 24, 2011, Robertson moved to certify the putative class. (Doc. # 20). However, while that motion was pending, Robertson passed away (Doc. # 82), and Douglas Stalley, as personal representative of Robertson's estate, was eventually substituted as Plaintiff in this action. (Doc. # 87). Plaintiff subsequently requested and was granted leave to file a second amended complaint. (Doc. # 100). The second amended complaint, filed on July 30, 2012, added Jeremiah Hallback as a Plaintiff and included an amended class definition. (Doc. # 103). Defendant's motion to dismiss, filed in response to the second amended complaint on August 17, 2012, is now before the Court.

## II. Legal Standard

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing a motion to dismiss, a trial court accepts as true all factual allegations in the complaint and construes the facts in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). However, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In Bell Atlantic Corp. v. Twombly, the Supreme Court articulated the standard by which claims should be evaluated on a motion to dismiss:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. 544, 555 (2007) (internal citations omitted).

In accordance with Twombly, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

**III. Analysis**

Plaintiffs allege causes of action for damages and injunctive relief, on behalf of themselves and a putative class of similarly situated individuals, against Defendant for violation of the Florida Security of Communications Act, Section 934.01 et seq. ("FSCA"). The FSCA "makes it a crime

to intentionally intercept a person’s electronic communications, including a telephone call, without prior consent of all parties to the communication, and permits a private cause of action providing for a minimum of $1,000 in liquidated damages for an interception in violation of the Act.” France v. France, 90 So. 3d 860, 862 (Fla. 5th DCA 2012).

In its motion to dismiss, Defendant does not argue that Plaintiffs have failed to allege in the second amended complaint all the necessary prima facie elements to state a claim under the FSCA. Indeed, the second amended complaint alleges that Defendant intentionally recorded phone calls to both individual Plaintiffs and to the putative class members without obtaining their prior consent to do so. (Doc. # 103 at ¶¶ 27-37). Instead, Defendant takes issue with the scope of Plaintiffs’ proposed class definitions, which provide as follows:

> Any and all persons who, on or after June 22, 2009 through the date of the final judgment in this action (the “Class Period”)
>
> (1) received an outbound telephone call from ADS, at a telephone number associated with an address in Florida, as identified by the records maintained by ADS, spoke to an ADS representative, and were an accountholder with WFNNB, WFNB, or WFCB during the Class Period; or

(2) received an outbound telephone call from ADS, at a telephone number associated with an address in Florida, as identified by the records maintained by ADS, spoke to an ADS representative, and were domiciled or resided with an accountholder of WFNNB, WFNB, or WFCB during the Class Period.

(Doc. # 103 at ¶ 38).

Specifically, Defendant argues that the second amended complaint fails to state a cause of action on behalf of the putative class members because "neither class definition . . . limits its reach to those persons whose telephone conversations with ADSI's employees were recorded without consent." (Doc. # 105 at 7-8). Similarly, Defendant argues that the proposed class definitions fail because they would include persons who do not have a cause of action under the FSCA -- specifically, people with a cellular telephone number associated with an address in Florida who received a telephone call from Defendant while that person was physically located outside of Florida. Id. at 8. Defendant further argues that Plaintiffs' limitation of the class to accountholders and those who were "domiciled or resided with an accountholder" would exclude persons who could potentially have a valid FSCA claim, including individuals who were visiting the intended recipient of the call, answered the call from Defendant, and had their conversations recorded.

As these arguments do not directly go to the sufficiency of the allegations in the second amended complaint, but rather, are directed to the definition and scope of the putative class, the Court finds that these arguments are best addressed in ruling on Plaintiffs' motion to certify class when the Court has the luxury of considering evidence beyond the four corners of the complaint.[1] Likewise, Defendant's assertion that Plaintiffs lack standing to pursue claims on behalf of the first sub-class requires analysis well beyond the face of the second amended complaint.

The second amended complaint complies with Rule 8(a)(2), Fed. R. Civ. P., in that it contains a "short and plain statement of the claim showing that the pleader is entitled to relief." In addition, the second amended complaint contains factual allegations raising Plaintiffs' right to relief above the speculative level and stating a claim that is plausible on its face. As explained in Iqbal, 556 U.S. at 664, "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant

[1] Plaintiffs' Renewed and Amended Motion for Class Certification (Doc. # 126), filed on December 7, 2012, is currently pending before the Court, but is not yet ripe.

is liable for the misconduct alleged." The Court therefore denies the motion to dismiss.

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED:**

Defendant's Motion to Dismiss Second Amended Class Action Complaint (Doc. # 105) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 7th day of January, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record