UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOUGLAS B. STALLEY, in his
capacity as Personal Representative
of the Estate of Gary Robertson
and JEREMIAH HALLBACK, individually,
and on behalf of all those similarly
situated,

    Plaintiffs,

                              Case No. 8:11-cv-1652-T-33TBM

v.

ADS ALLIANCE DATA SYSTEMS, INC.,

    Defendant.
_____/

**ORDER**

Defendant ADS Alliance Data Systems, Inc.'s Motion to Strike Unauthorized Papers (Doc. # 145), filed January 16, 2013, brings this cause before the Court. Plaintiffs Douglas B. Stalley, in his capacity as Personal Representative of the Estate of Gary Robertson, and Jeremiah Hallback, responded in opposition to the Motion on January 28, 2013. (Doc. # 151). For the reasons that follow, the Court grants the Motion to Strike Unauthorized Papers.

I.  **Background and Procedural History**

Gary Robertson initiated this putative class action in state court on June 22, 2011, against Defendant ADS Alliance Data Systems, Inc. for alleged violations of the Florida Security of Communications Act, Section 934.01 et seq. (Doc. # 2). The FSCA prohibits a party to a conversation from recording the conversation – including wire, oral or electronic communications – without the consent of all parties to the conversation, with some specific exceptions. See §§ 934.01 et seq., Fla. Stat. Plaintiffs allege, "ADS services all of the accounts issued by WFNNB, WFNB, and WFCB, [who issue private label and co-brand credit card accounts] which includes placing telephone calls to accountholders who meet certain of their criteria (including having a past due account and no pending bankruptcy on file). . . . At all times material, ADS had and continues to have a policy to record all calls placed by and to its call center representatives." (Doc. # 103 at ¶¶ 19-21). Defendant removed the case to this Court on July 25, 2011, pursuant to the federal Class Action Fairness Act. (Doc. # 1).

On October 24, 2011, Robertson moved to certify the putative class. (Doc. # 20). However, while that motion was

pending, Robertson passed away (Doc. # 82), and Douglas Stalley, as personal representative of Robertson's estate, was eventually substituted as Plaintiff in this action. (Doc. # 87). Plaintiff subsequently requested and was granted leave to file a second amended complaint. (Doc. # 100). The second amended complaint, filed on July 30, 2012, added Jeremiah Hallback as a Plaintiff and included an amended class definition. (Doc. # 103).

On December 26, 2012, Plaintiffs filed a Notice to Correct Record. (Doc. # 130). An Amended Notice to Correct Record was filed on December 28, 2012 (Doc. # 131), and footnote one of that Amended Notice indicates that the two documents are identical except for the correction of a date in paragraph seven of the original Notice (Id. at 1 n.1). In the Amended Notice, Plaintiffs make the following statements:

> 6. Plaintiff Jeremiah Hallback ("Mr. Hallback") previously represented to this Court the following: "I have never held any credit accounts with either World Financial Network National Bank or World Financial Capital Bank. I have never been a debtor of any account serviced by Defendant." See Declaration of Jeremiah Hallback in Support of Class Certification, at ¶4 (Doc. 126-1).
> 7. On December 18, 2012, and again on December 20, 2012, counsel for Defendant first notified Plaintiff's counsel that Mr. Hallback did have a credit account with the Home Shopping

3

> Network ("HSN"), which is a World Financial Capital Bank account.
>
> \* \* \*
>
> 9. However, . . . Mr. Hallback's HSN account is [not] part of his claims against Defendant.
>
> \* \* \*
>
> 11. Essentially, the fact that Mr. Hallback had a HSN account does not impact the claims in this case. However, his representations that he did not have a WFCB account or was a debtor of an account serviced by Defendant were inadvertently inaccurate.
>
> 12. Accordingly, Mr. Hallback hereby provides this Notice to correct the record and retract any representation by him or his counsel that he did not have a WFCB account or that he was not a debtor of an account serviced by Defendant as appear in his Declaration in Support of Class Certification at paragraph 4 (Doc. 126-1), and in the Second Amended Complaint at paragraph 26 (Doc. 103).
>
> 13. To the extent that Mr. Hallback's inaccurate representations appear elsewhere within the record, Mr. Hallback and his counsel hereby retract the same and do not rely on those representations whatsoever.

(Doc. # 131 at ¶¶ 6-7, 9-13).

On January 3, 2013, Plaintiffs also filed a Notice of Filing Amended Declaration of Jeremiah Hallback (Doc. # 132) to support Plaintiffs Renewed and Amended Motion for Class Certification (Doc. # 126). Together, the Notice to Correct Record (Doc. # 130), the Amended Notice to Correct Record (Doc. # 131), and the Notice of Filing Amended Declaration of Jeremiah Hallback and the Amended

4

Declaration itself (Doc. # 132) will be referred to as "the Notices."

On January 4, 2013, a day after the last of the Notices were filed, Defendant filed its response in opposition to the Amended Motion to Certify Class. (Doc. # 134). On January 16, 2013, Defendant moved the Court to strike the Notices pursuant to Federal Rule of Civil Procedure 12(f). (Doc. # 145). Plaintiffs responded to the Motion to Strike Unauthorized Papers on January 28, 2013. (Doc. # 151).

## II. Legal Standard

Federal Rule of Civil Procedure 12(f) provides, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). "'A motion to strike is a drastic remedy,' which is disfavored by the courts." Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla., 306 F.2d 862, 868 (5th Cir. 1962)). "'A court will not exercise its discretion under the rule to strike . . . unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice

5

a party.'" Kahama VI, LLC v. HJH LLC, No. 8:11-cv-2029-T-30TBM, 2013 WL 1760254, at *8 (M.D. Fla. Apr. 24, 2013) (quoting Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995)).

### III. Analysis

Defendant seeks to strike "unauthorized papers" in the form of Plaintiffs' Notice to Correct Record (Doc. # 130), Amended Notice to Correct Record (Doc. # 131), and the Amended Declaration of Jeremiah Hallback (Doc. # 132). (Doc. # 145). Defendant argues that 1) Hallback's status as an accountholder materially affects this litigation because the Court has made orders and granted relief predicated on that fact (and Defendant would have argued differently in response to the Motion to Amend the Complaint if it had known Plaintiff Hallback was an account holder); 2) the Notices amount to improper amendments to the pleadings; and 3) the Notices confuse the record. (Id.). In their response in opposition to the Motion, Plaintiffs argue that accountholder status is immaterial to the litigation at this point and, therefore, the Notices neither confuse the record nor prejudice Defendant. (Doc. # 151).

The Court finds that allowing Plaintiffs to, effectively, amend the pleadings – as well as subsequently

6

filed motions – without leave of Court and without affording Defendant an opportunity to object to such an amendment, would be prejudicial to Defendant.

The Court notes that Defendant filed its response in opposition to the Amended Motion to Certify Class only one day after Plaintiff filed the last of the Notices. (Doc. # 134). The Court is not persuaded that a single day provided Defendant adequate time to thoroughly respond to the change in Plaintiff Hallback's status as an accountholder.

Although Plaintiffs have consistently argued that holding an account with one of the banks Defendant serves does not affect the issue of consent for the purposes of this action (Doc. ## 103 at ¶ 38, 42(b)-(f), 43(c); 126 at 17-16; 151 at 4-5), Defendant has consistently disagreed with Plaintiffs' argument (Doc. ## 143 at 6; 134 at 2; 145 at 5). Without reaching the merits of the argument, the Court declines to accept Plaintiffs' position that the Notices should not be stricken because "Mr. Hallback's accountholder status is immaterial for the purposes of ADS's motion." (Doc. # 151 at 4). Defendant is entitled to an adequate opportunity to be heard regarding the change in Plaintiff Hallback's accountholder status and to make its

7

objections to Plaintiffs' claims in light of that information.

Therefore, the Court strikes the Notices. (Doc. ## 130, 131, 132). If Plaintiffs wish to "correct the record," they may move the Court for leave to amend the Second Amended Class Action Complaint on or before May 21, 2013. Furthermore, before filing such motion, Plaintiffs are directed to confer with opposing counsel in an effort to reach an agreement concerning the amendment. If Plaintiffs choose to move for leave to file a third amended complaint, they are directed to attach the proposed amended complaint to the motion seeking leave to amend.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant ADS Alliance Data Systems, Inc.'s Motion to Strike Unauthorized Papers (Doc. # 145) is **GRANTED.**

(2) The Clerk is **DIRECTED** to **STRIKE** from the record the Notice to Correct Record (Doc. # 130), the Amended Notice to Correct Record (Doc. # 131), and the Notice of Filing Amended Declaration of Jeremiah Hallback and the Amended Declaration of Jeremiah Hallback (Doc. # 132).

(3) After conferring with opposing counsel, Plaintiffs may file a motion, on or before May 21, 2013, for leave to amend the Second Amended Class Action Complaint. If Plaintiffs file such motion, Plaintiffs are directed to attach the proposed amended complaint to the motion seeking leave to amend.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 13th day of May, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record