UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOUGLAS B. STALLEY, in his
capacity as Personal Representative
of the Estate of Gary Robertson
and JEREMIAH HALLBACK, individually,
and on behalf of all those similarly
situated,

    Plaintiffs,

                        Case No. 8:11-cv-1652-T-33TBM
v.

ADS ALLIANCE DATA SYSTEMS, INC.,

    Defendant.
_____/

**ORDER**

Plaintiffs Douglas B. Stalley and Jeremiah Hallback's Motion for Leave of Court to File Third Amended Class Action Complaint (Doc. # 197), filed on May 17, 2013, brings this cause before the Court. Defendant ADS Alliance Data Systems, Inc. responded in opposition to the Motion on May 31, 2013. (Doc. # 205). For the reasons below, the Court grants the Motion.

**I.   Background and Procedural History**

Gary Robertson initiated this putative class action in state court on June 22, 2011, against Defendant ADS Alliance Data Systems, Inc. for alleged violations of the

Florida Security of Communications Act, Section 934.01 *et seq*. (Doc. # 2).  Defendant removed the case to this Court on July 25, 2011, pursuant to the federal Class Action Fairness Act. (Doc. # 1).

On October 24, 2011, Robertson moved to certify the putative class. (Doc. # 20). However, while that motion was pending, Robertson passed away (Doc. # 82), and Douglas Stalley, as personal representative of Robertson's estate, was eventually substituted as Plaintiff in this action. (Doc. # 87). Plaintiff was subsequently granted leave to amend the Amended Complaint (Doc. # 100), and the Second Amended Complaint, filed on July 30, 2012, added Jeremiah Hallback as Plaintiff and included an amended class definition (Doc. # 103).

Plaintiffs filed a Notice to Correct Record on December 26, 2012 (Doc. # 130), and an Amended Notice to Correct Record on December 28, 2012 (Doc. # 131).[1] In the Amended Notice, Plaintiffs state that "Hallback . . . previously represented to this Court [that he had] never held any credit accounts with either World Financial Network National Bank or World Financial Capital Bank [and

---

[1] Together, the Notice to Correct Record (Doc. # 130), the

2

had] never been a debtor of any account serviced by Defendant." (Doc. # 131 at ¶ 6). However, Plaintiffs claim that unbeknownst to Hallback, "Hallback did have a credit account with the Home Shopping Network . . ., which is a World Financial Capital Bank account." (Id. at ¶ 7). Plaintiffs represent the factual discrepancy as having little importance, stating, "Essentially, the fact that Mr. Hallback had a HSN account does not impact the claims in this case." (Id. at ¶ 11).

On January 16, 2013, Defendant moved the Court to strike the Notices. (Doc. # 145). Plaintiffs timely responded in opposition (Doc. # 151), and on May 13, 2013, the Court granted Defendant's Motion to Strike Unauthorized Papers. (Doc. # 196). The Court found that "allowing Plaintiffs to, effectively, amend the pleadings – as well as subsequently filed motions – without leave of Court and without affording Defendant an opportunity to object to such an amendment, would be prejudicial to Defendant." (Id. at 6-7). The Court further stated, "If Plaintiffs wish to 'correct the record,' they may move the Court for leave to amend the Second Amended Class Action Complaint on or before May 21, 2013." (Id. at 8).

Plaintiffs filed the instant Motion for Leave of Court to File Third Amended Class Action Complaint on May 17, 2013. (Doc. # 197). Defendant filed its response in opposition on May 31, 2013. (Doc. # 205).

## II. Legal Standard

"The grant or denial of an opportunity to amend is within the discretion of the district court." Foman v. Davis, 371 U.S. 178, 182 (1962); Hargett v. Valley Fed. Sav. Bank, 60 F.3d 754, 761 (11th Cir. 1995). "In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'" Foman, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)).

While leave to amend is "freely given" under Federal Rule of Civil Procedure 15(a), a motion to amend filed after the deadline established by the Case Management and Scheduling Order will only be granted upon a showing of good cause under Rule 16(b)(4). Sosa v. Airport Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998).

### III. <u>Analysis</u>

####   A.   <u>Motion for Leave of Court to File Third Amended Class Action Complaint</u>

This Court entered the first Case Management and Scheduling Order in this case on November 11, 2011. (Doc. # 23). In that Scheduling Order, the Court stated, "Parties shall have until ***December 2, 2011***, to file Third Party Claims, Motions to Join Parties, and Motions to Amend Pleadings." (<u>Id.</u> at 1) (emphasis in original). The instant Motion for Leave of Court to File Third Amended Class Action Complaint was filed on May 17, 2013, and is, therefore, untimely. Accordingly, the Court must evaluate the Motion to Amend under Rule 16(b)(4) before delving in a Rule 15 analysis.

#####         1. <u>Rule 16(b)(4) "Good Cause"</u>

Rule 16(b)(4), Fed. R. Civ. P. states: "Modifying a Schedule. A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Court recognizes that it invited the Motion in its Order striking the Notices (Doc. # 196 at 9), and the Court will consider Rule 16(b)(4) in light of its invitation.

Defendant contends that ignorance does not equal diligence for the purposes of Rule 16(b)(4). (Doc. # 205 at

5

12). The Court agrees and in no way condones any lack of attentiveness that may have occurred on the part of Plaintiffs. See <u>Jackson v. Winn-Dixie, Inc.</u>, No. 08-0014WSC, 2008 WL 4183399, at *1 (S.D. Ala. Sept. 11, 2008) ("These statements may establish the defendant's longstanding actual ignorance of grounds to assert an after-acquired evidence defense . . . but they do not reflect the exercise of diligence in identifying such a defense.").

Defendant further claims that Hallback and Plaintiffs' counsel may have known as early as July 2012 that Hallback was an accountholder. (Doc. # 205 at 3-5). In his February 2013 deposition, Hallback makes the following statements:

> **A.** My understanding is that I didn't -- I -- I don't know what WFCB is. . . . I just found that out after I talked to Mark [Tischhauser, counsel for Plaintiffs] and them. . . .I just found that out after I talked to Mark and them that -- about the WFCB. I -- I -- I didn't know what that was.
>        * * *
> **Q.** All right. When did you have a conversation with Mr. Tischhauser?
> **A.** Oh, I guess eight months ago or something.
> **Q.** So was it eight months ago that you learned the difference between -- what WFCB was?
> **A.** Yes.
>        * * *
> Q. And when did you learn that [the statement that "I have never held any credit accounts with either World Financial Network National Bank or World Financial Capital Bank"] wasn't accurate?

6

> **A.** When I talked to Mark and them, they told me what that was.
> **Q.** And when was that?
> **A.** I didn't write it down, but probably three months ago or whatever.
> \* \* \*
> **Q.** And how long before you signed this [Amended] Declaration [Hallback Dep. previous Doc. # 132-1] did you find out that HSN was connected to WFCB, in your words? Was it when you went to the meeting?
> **A.** Well, I had met with Mark first. I don't know. Maybe a month before he told me about it.
> **Q.** Okay. So you spoke with Mr. Tischhauser about a month before you signed this Declaration?
> **A.** Yes.

(Hallback Dep. Doc. # 197-2 at 3, 7, 8).

The Court acknowledges that it is possible to read these comments as contradictory—-one suggesting that Hallback became aware of his WFCB account in July 2012, and the others suggesting that he learned of the account sometime near December 2012. However, the Court also notes the uncertainty Hallback demonstrates in the deposition concerning the dates involved. (<u>Id.</u>). Furthermore, Plaintiffs' counsel has consistently represented to this Court that "until December 18, 2012, Plaintiffs were unaware of Mr. Hallback's status as an accountholder with one of the banks Defendant services in the course of its business." (Doc. # 197 at 2). The Court considers counsels' statements as presentations made by officers of the Court

7

in signed filings, with all of the weight and responsibility of Federal Rule of Civil Procedure 11(b) behind them.[2] As such, this Court interprets the above statements as Hallback's claim that he learned sometime around July 2012 "what WFCB was" -- in other words, he learned then that World Financial Capital Bank (WFCB) existed -- but that he learned sometime around December 2012 that he held an account with WFCB. Plaintiffs filed their Notices with the Court in December 2012, and, in light of the representations made by officers of the Court that Plaintiffs' were unaware of Hallback's accountholder status until December 18, 2012, the Court declines to find that Plaintiffs were not prompt or diligent in informing the Court of the change in Hallback's status.

---

[2] Rule 11, Fed. R. Civ. P states:
**(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; . . .
(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; . . . .

Allowing Plaintiffs to file a Third Amended Complaint will promote factual accuracy in the pleadings, encourage clarity of the record, and ensure that Defendant is not prejudiced by Plaintiffs' unsanctioned amendment of the Complaint. As such, the Court finds that there is good cause to allow the Amended Case Management and Scheduling Order to be modified under Federal Rule of Civil Procedure 16(b)(4).

### 2. Rule 15(b) Leave to Amend

"Once good cause is shown, the court may consider whether leave should be granted under Rule 15." Thorn v. Blue Cross & Blue Shield of Fla., Inc., 192 F.R.D. 308, 309-10 (M.D. Fla. 2000). Federal Rule of Civil Procedure 15(a) instructs that leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a). Here, there is no "*apparent* or *declared* reason . . . such as undue delay, bad faith or dilatory motive on the part of the movant" for which leave to amend should be denied. See Foman, 371 U.S. at 182 (emphasis added). Furthermore, because the mere passage of time, without more, is generally an insufficient reason to find that allowing amendment of a complaint is prejudicial to the non-moving party, Smith v. Duff & Phelps, Inc., 5 F.3d 488, 493 (11th

Cir. 1993), allowing the amendment will not unduly prejudice Defendant here. See Foman, 371 U.S. at 182.

While the Court has found that Defendant is entitled to an adequate opportunity to be heard regarding the change in Hallback's accountholder status, the Court knows of no undue prejudice that will befall Defendant by allowing the Second Amended Complaint to be amended. Indeed, any prejudice that may have resulted from allowing Plaintiffs to file a Notice to Correct Record rather than a Third Amended Complaint will now be cured in that Defendant will have an ample and procedurally-proper opportunity to respond to the change in Hallback's accountholder status. Therefore, the Court grants Plaintiffs' Motion for Leave of Court to File Third Amended Class Action Complaint.

### B. Amended Scheduling Order

This action is currently set for the Court's July 2013 trial term. (Doc. # 102). As such, granting Plaintiffs leave to file a Third Amended Complaint at this point in the proceedings necessarily requires that the Court amend the Amended Case Management and Scheduling Order beyond simply allowing an untimely amendment to the pleadings.

In the interests of fairness and sound judicial administration, the Court will deny as moot all pending

motions and establish a new and expedited schedule for the disposition of the remainder of this action as follows.

Plaintiffs shall file the Third Amended Complaint (Doc. # 197-1) on or before **June 6, 2013.** Defendant shall respond to the Third Amended Complaint on or before **June 24, 2013.** Any motion to certify class shall be filed on or before **June 28, 2013,** and any response to such motion shall be filed on or before **July 15, 2013.** The parties shall file any motions for summary judgment on or before **September 3, 2013;** responses to any motions for summary judgment shall be filed on or before **September 20, 2013.** Furthermore, the final pretrial conference will be conducted in this case on **January 9, 2014,** at 9:00 a.m., and this case will be placed on the Court's **February 2014** trial term. The Clerk is directed to issue a Second Amended Case Management and Scheduling Order reflecting these changes.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiffs' Motion for Leave of Court to File Third Amended Complaint (Doc. # 197) is **GRANTED.**

(2) Plaintiffs shall file the Third Amended Complaint (Doc. # 197-1), on or before **June 6, 2013.** Defendant

11

shall respond to the Third Amended Complaint on or before **June 24, 2013.**

(3) The Clerk is **DIRECTED** to enter a Second Amended Case Management and Scheduling Order reflecting the scheduling modifications as stated herein.

(4) The following Motions are **DENIED AS MOOT**: Plaintiffs' Renewed and Amended Motion for Class Certification (Doc. # 126); Plaintiffs' Motion for Partial Summary Judgment (Doc. # 161); Defendant's Motion for Summary Judgment (Doc. # 165); Defendant's Motion to Strike Affidavit of Andrew Krueger (Doc. # 166); Defendant's Motion for Leave to File Under Seal (Doc. # 177); Defendant's Motion to Strike or Exclude Expert Declarations (Doc. # 190); Defendant's Motion for Leave to File Under Seal (Doc. # 198); Defendant's Motion to Strike Amended Motion to Certify Class (Doc. # 200).

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 4th day of June, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record