UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOUGLAS B. STALLEY, in his
capacity as Personal Representative
of the Estate of Gary Robertson
and JEREMIAH HALLBACK, individually,
and on behalf of all those similarly
situated,

       Plaintiffs,

                              Case No. 8:11-cv-1652-T-33TBM

v.

ADS ALLIANCE DATA SYSTEMS, INC.,

       Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant ADS Alliance Data Systems, Inc.'s Motion to Dismiss and Motion to Strike Portions of Third Amended Class Action Complaint (Doc. # 209), filed on June 24, 2013. Plaintiffs filed a response in opposition to the motion on June 27, 2013 (Doc. # 212), and after obtaining leave of Court, ADS filed a reply to Plaintiffs' response (Doc. # 215). After due consideration and for the reasons that follow, the Court denies ADS' Motion to Dismiss and Motion to Strike.

**I.**    **Background**

Gary Robertson initiated this putative class action in state court on June 22, 2011, against ADS for alleged violations of the Florida Security of Communications Act, Section 934.01 et seq. ("FSCA"). (Doc. # 2). ADS removed the case to this Court on July 25, 2011, pursuant to the federal Class Action Fairness Act. (Doc. # 1).

On October 24, 2011, Robertson moved to certify the putative class. (Doc. # 20). However, while that motion was pending, Robertson passed away (Doc. # 82), and Douglas Stalley, as personal representative of Robertson's estate, was eventually substituted as Plaintiff in this action. (Doc. # 87). The Court subsequently granted Plaintiff leave to amend the Amended Complaint (Doc. # 100), and the Second Amended Complaint, filed on July 30, 2012, added Jeremiah Hallback as a Plaintiff and included an amended class definition (Doc. # 103).

Stalley and Hallback filed a Notice to Correct Record on December 26, 2012 (Doc. # 130), and an Amended Notice to Correct Record on December 28, 2012 (Doc. # 131). In the Amended Notice, Stalley and Hallback state that "Hallback . . . previously represented to this Court [that he had] never held any credit accounts with either World Financial Network National Bank or World Financial Capital Bank [and

had] never been a debtor of any account serviced by Defendant." (Doc. # 131 at ¶ 6). Stalley and Hallback claim that unbeknownst to Hallback, "Hallback did have a credit account with the Home Shopping Network . . ., which is a World Financial Capital Bank account." (Id. at ¶ 7). Representing that the factual discrepancy has little importance, Stalley and Hallback argue, "Essentially, the fact that Mr. Hallback had a HSN account does not impact the claims in this case." (Id. at ¶ 11).

On January 16, 2013, ADS moved the Court to strike the Notices (Doc. # 145), and on May 13, 2013, the Court granted ADS's Motion to Strike Unauthorized Papers. (Doc. # 196). The Court found that "allowing Plaintiffs to, effectively, amend the pleadings – as well as subsequently filed motions – without leave of Court and without affording Defendant an opportunity to object to such an amendment, would be prejudicial to Defendant." (Id. at 6-7). Stalley and Hallback moved to amend the Second Amended Complaint (Doc. # 197), and on June 4, 2013, the Court granted the motion and denied as moot all pending motions (Doc. # 206). Stalley and Hallback filed the Third Amended Complaint the same day. (Doc. # 208).

On June 24, 2013, ADSs filed the instant Motion to Dismiss and Motion to Strike Portions of Third Amended Class Action Complaint. (Doc. # 209). Stalley and Hallback responded in opposition to the motion on June 27, 2013 (Doc. # 212), and ADS filed a reply to Stalley and Hallback's response on July 3, 2013 (Doc. # 215).

## II. Motion to Dismiss

### A. Legal Standard

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing a motion to dismiss, a trial court accepts as true all factual allegations in the complaint and construes the facts in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). However, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In Bell Atlantic Corp. v. Twombly, the Supreme Court articulated the standard by which claims should be evaluated on a motion to dismiss:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide

> the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. 544, 555 (2007) (internal citations omitted).

In accordance with Twombly, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

**B. Analysis**

Stalley and Hallback allege causes of action for damages and injunctive relief, on behalf of themselves and a putative class of similarly situated individuals, for violations of the FSCA. (Doc. # 208). The FSCA "makes it a crime to intentionally intercept a person's electronic communications, including a telephone call, without prior consent of all parties to the communication, and permits a private cause of action providing for a minimum of $1,000 in liquidated damages for an interception in violation of

the Act." France v. France, 90 So. 3d 860, 862 (Fla. 5th DCA 2012).

In the instant Motion, as in the first Motion to Dismiss (Doc. # 105), ADS claims that the operative complaint fails to state a cause of action on behalf of the putative class members because "neither class definition . . . limits its reach to those persons whose telephone conversations with ADSI's employees were recorded without consent." (Doc. # 209 at 10). ADS argues that the proposed class definitions fail for several reasons, such as encompassing persons who do not have a cause of action under the FSCA, including individuals with a cellular telephone number associated with an address in Florida who received a telephone call from ADS while that person was physically located outside of Florida. (Id. at 12).

This Court addressed the appropriateness of considering the sufficiency of the class definitions at this stage in the proceedings when it denied the first Motion to Dismiss. (Doc. # 136 at 5-6). The Court again finds that ADS' arguments regarding the class definitions do not directly challenge the sufficiency of the allegations in the Third Amended Complaint. Rather, ADS's arguments contemplate the definition and scope of the

putative class. Accordingly, the Court finds – as it did when deciding the first Motion to Dismiss – that these arguments are best addressed in ruling on Stalley and Hallback's Motion to Certify Class when the Court has the opportunity to consider evidence beyond the four corners of the complaint.[1] Likewise, ADS' assertion that Stalley and Hallback lack standing to pursue claims on behalf of the first sub-class requires analysis well beyond the face of the Third Amended Complaint.

ADS also claims that "insufficient facts have been pled to support [the] application of the FSCA" because "the Third Amended Complaint is silent as to where the alleged interceptions took place." (Id. at 5). However, ADS does not demonstrate that a prima facie element of an FSCA claim is missing from the Third Amended Complaint. Instead, ADS in essence seeks to prove that an additional element exists. In order to thoroughly consider ADS' claim, the Court would be required to contemplate evidence beyond the face of the Third Amended Complaint and, therefore, the

---

[1] Stalley and Hallback's Third Motion for Class Certification (Doc. # 210) is currently pending before the Court.

Court finds that the claim will be more appropriately addressed when ruling on the Motion for Summary Judgment.[2]

The Third Amended Complaint complies with Rule 8(a)(2), Fed. R. Civ. P., in that it contains a "short and plain statement of the claim showing that the pleader is entitled to relief." In addition, the Third Amended Complaint contains factual allegations raising Stalley and Hallback's right to relief above the speculative level and stating a claim that is plausible on its face. As explained in Iqbal, 556 U.S. at 664, "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." The Court therefore denies the Motion to Dismiss.

### III. Motion to Strike

#### A. Legal Standard

Federal Rule of Civil Procedure 12(f) provides, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "'A motion to strike is a drastic remedy,' which is disfavored by the courts."

---

[2] ADS' Motion for Summary Judgment (Doc. # 243) is currently pending before the Court.

Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla., 306 F.2d 862, 868 (5th Cir. 1962)). Generally, "'[a] court will not exercise its discretion under the rule to strike . . . unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'" Kahama VI, LLC v. HJH LLC, No. 8:11-cv-2029-T-30TBM, 2013 WL 1760254, at *8 (M.D. Fla. Apr. 24, 2013) (quoting Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995)).

### B. Analysis

ADS claims that "the Third Amended Complaint goes far beyond th[e] requirement[s of Rule 8] to include a 'footnote' that is clearly designed by [Stalley and Hallback as a] pre-emptive attempt to rehabilitate the credibility of Mr. Hallback regarding his prior claims as to his status as an accountholder." (Doc. # 209 at 3).

Striking portions of a pleading is a drastic measure and the Court declines to take it now. Even if the Court accepts ADS' argument that the footnote in question is not entirely material to a claim, this Court is fully capable of separating the wheat from the chaff in pleadings.

Striking the offending footnote is unnecessary. The footnote presents no danger of confusing the issues or of prejudicing ADS and, accordingly, the Court denies the Motion to Strike.

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED**:

Defendant ADS Alliance Data Systems, Inc.'s Motion to Dismiss and Motion to Strike Portions of Third Amended Class Action Complaint (Doc. # 209) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 20th day of August, 2013.

<u>/s/ Virginia M. Hernandez Covington</u>
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record