UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOUGLAS B. STALLEY, in his
capacity as Personal Representative
of the Estate of Gary Robertson
and JEREMIAH HALLBACK, individually,
and on behalf of all those similarly
situated,

    Plaintiffs,

                            Case No. 8:11-cv-1652-T-33TBM

v.

ADS ALLIANCE DATA SYSTEMS, INC.,

    Defendant.
_____/

**ORDER**

Now before the Court is Plaintiffs Douglas B. Stalley and Jeremiah Hallback's Motion for Leave to Conduct Discovery Regarding Defendant's New Affirmative Defenses (Doc. # 257), filed on September 4, 2013. Defendant ADS Alliance Data Systems, Inc. responded in opposition to the Motion on September 10, 2013. (Doc. # 266). The Court conducted a hearing regarding the Motion on September 12, 2013. (Doc. # 267). For the reasons below, the Court grants the Motion in part.

**Discussion**

On September 4, 2013, Stalley and Hallback moved the Court for leave to conduct discovery regarding ADS's Tenth and Eleventh Affirmative Defenses. (Doc. # 257). Stalley and Hallback claim that these Affirmative Defenses are raised for the first time in ADS's latest Answer (Doc. # 250), and that Stalley and Hallback will be prejudiced if they are not able to conduct discovery on the new Defenses. (Doc. # 257 at 1). On September 10, 2013, ADS filed a Notice with the Court withdrawing the Eleventh Affirmative Defense. (Doc. # 265).

On September 12, 2013, the Court heard oral argument regarding Stalley and Hallback's Motion. (Doc. # 267). Stalley and Hallback stated that with the Eleventh Affirmative Defense withdrawn by ADS, no discovery is required regarding that Affirmative Defense. As to the Tenth Affirmative Defense, Stalley and Hallback expressed to the Court that they would like to depose Mr. Michael Galeano, Senior Director and Counsel for ADS, whose declaration (Doc. # 234) was filed in support of ADS's response to the Third Motion for Class Certification.

After due consideration of the underlying Motion, the response in opposition to the Motion, and the arguments heard on September 12, 2013, the Court finds it appropriate

2

to permit limited discovery regarding ADS's Tenth Affirmative Defense. The claims made in Mr. Galeano's declaration bear on the validity of ADS's Tenth Affirmative Defense, and there is no indication in the record that Stalley and Hallback could have known to depose Mr. Galeano -- or any other corporate representative of ADS -- concerning the "good faith reliance" defense now alleged in ADS's Tenth Affirmative Defense before the close of discovery in February 2013.

Accordingly, the Court grants Stalley and Hallback leave to depose a corporate representative of ADS regarding the claims contained in the Tenth Affirmative Defense. ADS is directed to notify Stalley and Hallback before 5:00 p.m. on September 17, 2013, of the identity of the corporate representative to be deposed. The discovery period will close on September 27, 2013.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiffs Douglas B. Stalley and Jeremiah Hallback's Motion for Leave to Conduct Discovery Regarding Defendant's New Affirmative Defenses (Doc. # 257) is **GRANTED in part** as stated herein.

3

(2) Defendant ADS Alliance Data Systems, Inc. is directed to notify Plaintiffs Douglas B. Stalley and Jeremiah Hallback before 5:00 p.m. on September 17, 2013, of the identity of the corporate representative to be deposed.

(3) The limited discovery period will close on September 27, 2013.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 12th day of June, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record