UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOUGLAS B. STALLEY, in his
capacity as Personal Representative
of the Estate of Gary Robertson
and JEREMIAH HALLBACK, individually,
and on behalf of all those similarly
situated,

        Plaintiffs,

v.                             Case No. 8:11-cv-1652-T-33TBM

ADS ALLIANCE DATA SYSTEMS, INC.,

        Defendant.
_____/

**ORDER**

This cause comes before the Court in consideration of Plaintiffs Douglas B. Stalley, in his capacity as Personal Representative of the Estate of Gary Robertson, and Jeremiah Hallback's Motion for Rehearing and/or Reconsideration of Order Denying Third Motion for Class Certification and Request for Oral Argument (Doc. # 308), filed on December 9, 2013. Defendant ADS Alliance Data Systems, Inc. filed a response in opposition to the Motion (Doc. # 311) on December 12, 2013. For the reasons stated below, the Court denies Stalley and Hallback's Motion and request for oral argument.

**Discussion**

It is within the Court's discretion to grant a motion for reconsideration. Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990). Arguments in favor of granting reconsideration must be balanced against the desire to achieve finality in litigation. Id. As stated in Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "[a] motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence, and (3) the need to correct clear error or manifest injustice." Fla. College of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308. In deciding a motion for reconsideration, "[t]his Court will not

reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." Ludwig v. Liberty Mut. Fire Ins. Co., No. 8:03-cv-2378-T-17MAP, 2005 U.S. Dist. LEXIS 37718, at *8 (M.D. Fla. Mar. 30, 2005). In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at *11 (internal citation and quotation omitted).

In the present Motion, Stalley and Hallback request that this Court reconsider its Order denying the Third Motion for Class Certification and further request oral argument pursuant to Local Rule 3.01(j). (Doc. # 308). Specifically, Stalley and Hallback argue that "the issues in the case are proper for class treatment, and request [this Court give] additional consideration to preserve Plaintiffs' and the Class' rights." (Id. at 2). To support their request, Stalley and Hallback submit that "this Court may have overlooked certain points of law or fact that conflated the issues of notice, ascretainability, liability, and superiority as applied to the proposed Class." (Id.). Therefore, Stalley and Hallback invite this Court to reconsider (1) its decision that prior consent cannot be a class-wide issue because of the numerous methods that prior consent could have been

3

provided by the members of the Class and (2) its decision that the Class is not ascertainable because it is not clear how a recipient of a call from ADS can be identified. (Id. at 2-3).

In its response, ADS argues that although "[Stalley and Hallback] have titled the motion as seeking relief under the heading 'reconsideration' . . . they wholly ignore the standards that this Court has repeatedly articulated as governing motions for reconsideration." (Doc. # 311 at 2). The Motion "makes clear that [Stalley and Hallback] are not asking this Court to change its mind for any of the reasons established at law to support the extraordinary relief they seek." (Id. at 3). In fact, "Plaintiffs fail to cite any [r]ule or other foundation . . . and fail to set forth any standard for granting such relief." (Id. at 2).

In the case of the present Motion, the Court finds that Stalley and Hallback have failed to meet their burden of demonstrating the grounds necessary to allow this Court to reconsider its Order denying the Third Motion for Class Certification. (See Doc. # 304). Stalley and Hallback do not assert that there has been an intervening change in the law and present no new evidence. In addition, Stalley and Hallback fail to demonstrate that reconsideration is necessary to

prevent manifest injustice or clear error. Instead, Stalley and Hallback provide this Court with additional in-depth analysis in an attempt to relitigate issues already decided by the Court.

The Court stands behind its November 25, 2013, Order (Doc. # 304), which denied Stalley and Hallback's Third Motion for Class Certification. This Court gave careful consideration to the Third Motion for Class Certification and ultimately determined that the motion should be denied. The Court there held, as it does today, that Stalley and Hallback "failed to demonstrate that this action falls within one of the three categories of class suits described in Rule 23(b), and [Stalley and Hallback] have failed to show that the proposed class is clearly ascertainable." (Id.). Thus, Stalley and Hallback's present Motion is due to be denied.

In addition, the Court acknowledges Stalley and Hallback's request for oral argument on the present Motion. However, in light of the Court's above-mentioned findings, this Court denies Stalley and Hallback's request for oral argument on this matter.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs Douglas B. Stalley, in his capacity as Personal Representative of the Estate of Gary Robertson, and Jeremiah Hallback's Motion for Rehearing and/or Reconsideration of Order Denying Third Motion for Class Certification and Request for Oral Argument (Doc. # 308) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 16th day of December, 2013.

_/s/ Virginia M. Hernandez Covington_
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record