UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOUGLAS B. STALLEY, in his
capacity as Personal Representative
of the Estate of Gary Robertson
and JEREMIAH HALLBACK, individually,
and on behalf of all those similarly
situated,

        Plaintiffs,

v.                               Case No. 8:11-cv-1652-T-33TBM

ADS ALLIANCE DATA SYSTEMS, INC.,

        Defendant.
_____/

## ORDER

This matter comes before the Court pursuant to Defendant ADS Alliance Data Systems, Inc.'s Motion to Require Plaintiffs to File Confidential Documents Under Seal and to Direct Plaintiffs not to Reveal the Content of said Confidential Information in Argument Pursuant to this Court's Order Approving Confidentiality Stipulation and Agreed Protective Order (Doc. # 298), which was filed on October 11, 2013. Plaintiffs Douglas B. Stalley, in his capacity as Personal Representative of the Estate of Gary Robertson and Jeremiah Hallback filed a response in opposition to ADS's Motion on October 16, 2013. (Doc. # 302). Upon review and for

the reasons stated below, the Court denies ADS's Motion without prejudice.

**Discussion**

On February 23, 2012, Thomas B. McCoun III, United States Magistrate Judge, approved the parties' confidentiality stipulation and agreed protective order (Doc. # 55), which states in relevant part:

> If a party intends to file documents designated Confidential, then the party seeking to file such documents must provide notice no less than Ten (10) days in advance of doing so to the opposing party. It will be the responsibility and burden of the party who designated the documents Confidential to make an appropriate application to the Court to have those documents filed under seal in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

(Doc. # 55-1 at 4).

According to ADS's Motion, during discovery ADS produced various contracts between ADS and third-parties, and ADS designated these contracts as "Confidential" pursuant to the parties' confidentiality stipulation and agreed protective order. (Doc. # 298 at ¶ 4). Thereafter, on October 1, 2013, Stalley and Hallback "notified [ADS] of their intent to file portions of the aforementioned confidential contracts in support of [Stalley and Hallback's] Reply in Support of

2

[Stalley and Hallback's] Motion for Partial Summary Judgment." (Id. at ¶ 5). Accordingly, ADS filed the present Motion. ADS seeks to "have these confidential documents filed under seal in order to prevent unnecessary public exposure to confidential and proprietary terms, including pricing information, contained therein. Such exposure may result in undue injury and hardship to [ADS]." (Id. at ¶ 6).

However, Stalley and Hallback, in their response, contend that (1) ADS has "failed to demonstrate that its interest in keeping the documents confidential is greater than the common law right of access to judicial proceedings" and (2) ADS has failed to comply with Local Rule 1.09, United States District Court, Middle District of Florida, which addresses filing records under seal. (Doc. # 302 at 2, 5).

Local Rule 1.09(a) requires *inter alia* that a motion to seal include:

> (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal.

3

Local Rule 1.09(a). It is the burden of the party seeking the protection to establish that the document should be filed under seal. See Bovie Med. Corp. v. Livneh, No. 8:10-cv-1527-T-24EAJ, 2010 WL 4117635, at *3 (M.D. Fla. Oct. 19, 2010).

Upon review of the present Motion, the Court finds that ADS has failed to comply with Local Rule 1.09. Specifically, ADS has not identified and described each item proposed for sealing. Instead, ADS seeks to have "confidential contracts between [ADS] and third-parties" filed under seal. (Doc. # 298 at ¶¶ 4-5). Furthermore, ADS has insufficiently alleged the reason that sealing each contract is necessary. Namely, ADS merely states in conclusory fashion that the contracts contain "sensitive information" that is "proprietary" in nature. (Id. at 3-5). These generic monikers are not helpful to the Court. Moreover, ADS has not submitted why a means other than sealing the contracts is unavailable or unsatisfactory. Finally, ADS has not provided the Court with the proposed duration of the requested seal. See F.T.C. v. Alcoholism Cure Corp., No. 3:10-CV-266-J-34TEM, 2010 WL 4840046 (M.D. Fla. Nov. 23, 2010)(finding that the defendant must "cull through the massive filing and identify specific documents he seeks to have sealed and explain the reasons why" and "must explain why the sealing of each identified

4

document is necessary, and why means other than sealing are unavailable or unsatisfactory").

Therefore, as the Court finds that ADS has failed to comply with Local Rule 1.09, the Court denies ADS's Motion. However, the Motion is denied without prejudice so that ADS may have an opportunity to file an amended motion by January 15, 2014, that complies with Local Rule 1.09.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant ADS Alliance Data Systems, Inc.'s Motion to Require Plaintiffs to File Confidential Documents Under Seal and to Direct Plaintiffs not to Reveal the Content of said Confidential Information in Argument Pursuant to this Court's Order Approving Confidentiality Stipulation and Agreed Protective Order (Doc. # 298) is **DENIED WITHOUT PREJUDICE.**

(2) Defendant ADS Alliance Data Systems, Inc. has until and including January 15, 2014, to file an amended motion that complies with Local Rule 1.09.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of January, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record