UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOUGLAS B. STALLEY, in his
capacity as Personal Representative
of the Estate of Gary Robertson
and JEREMIAH HALLBACK, individually,
and on behalf of all those similarly
situated,

        Plaintiffs,

v.                          Case No. 8:11-cv-1652-T-33TBM

ADS ALLIANCE DATA SYSTEMS, INC.,

        Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant ADS Alliance Data Systems, Inc.'s Motion to Strike Declaration of Andrew Krueger (Doc. # 276), which was filed on September 25, 2013. Plaintiffs Douglas B. Stalley, in his capacity as Personal Representative of the Estate of Gary Robertson, and Jeremiah Hallback filed a response in opposition to ADS's Motion on September 27, 2013. (Doc. # 279). Upon review and for the reasons stated below, the Court denies ADS's Motion.

**I.**    **Background**

On March 4, 2013, Stalley and Hallback filed the declaration of Andrew Krueger (Doc. # 163) – an employee of NICE Systems, Inc., "which is a corporation from which [ADS] has previously purchased hardware and software" products (Doc. # 276 at ¶ 1). According to ADS, this declaration "purports to apply the statutory definitions of various terms contained within [the Florida Security of Communications Act] to the facts of this case. . . ." (Id. at ¶ 4).

Thereafter, on August 30, 2013, Stalley and Hallback filed their Renewed and Amended Motion for Partial Summary Judgment (Doc. # 256) directed, in part, at ADS's affirmative defense – the business extension exception – contained in the Florida Security of Communications Act. In the Motion, Stalley and Hallback cite to the Krueger declaration to support their argument of entitlement to summary judgment on this defense. (Id.).

On September 17, 2013, Krueger was deposed as the corporate representative of NICE. (Doc. # 275-1). In that deposition, Krueger testified regarding his declaration. (Id.). According to ADS, Krueger's deposition testimony establishes that "Krueger never 'reviewed the relevant portions of the [Florida Security of Communications Act] and the definitions that the statute[] applies to its terms,' he

2

did not 'rely on the plain language of the [Florida Security of Communications Act] and its definitions to conclude that the NICE products do not fit those definitions' and he does not 'understand the meaning of these terms as they are defined in the [Florida Security of Communications Act].'" (Doc. # 276 at ¶ 14). Therefore, ADS filed the present Motion on September 25, 2013, seeking to strike paragraphs 2, 3, 4, 5, 6, and 8 from Krueger's declaration. (See Doc. # 276). Stalley and Hallback filed a response in opposition to ADS's Motion on September 27, 2013. (Doc. # 279). This Court has reviewed the present Motion, the response thereto and the relevant documentation and is otherwise fully advised in the premises.

## II. Discussion

Federal Rule of Civil Procedure 56(c)(4) provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." However, the federal rules require that an affiant, who has been designated to testify on a corporation's behalf in accordance with Fed. R. Civ. P. 30(b)(6), "must testify about information known or reasonably available to the organization."

3

Despite ADS's acknowledgment that Krueger is the corporate representative of NICE pursuant to Rule 30(b)(6), ADS still urges this Court to strike portions of Krueger's declaration relying on the Fed. R. Civ. P. 56(c)(4) personal knowledge requirement. (Doc. # 276 at ¶ 2). Specifically, ADS submits that Krueger's declaration contains nothing more than bare, unsupported arguments. (Id. at ¶¶ 5, 15). ADS further argues that Krueger is not qualified to testify regarding these conclusions as he lacks personal knowledge of the matters to which he testifies – namely paragraphs 2, 3, 4, 5, 6 and 8 of the declaration regarding the statutory definitions of the Florida Security of Communications Act. (Id. at ¶¶ 6, 16).

In their response, Stalley and Hallback contend that "[w]hile Rule 56(c)(4) does require an affidavit to be based on personal knowledge, . . . an affidavit by a rule 30(b)(6) designee does not have to be based on personal knowledge but is expected to be based on the organization's collective knowledge." (Doc. # 279 at 5)(quoting Sunbelt Worksite Mktg., Inc. v. Metro. Life Ins. Co., No. 8:09-cv-02188-T-17MAP, 2011 WL 3444256, at *2 (M.D. Fla. Aug. 8, 2011)).

According to Stalley and Hallback, in his declaration, Krueger was speaking on behalf of the collective knowledge of

4

NICE, not himself personally, and therefore, his statements are neither unsupported or conclusory. (Doc. # 279 at 7). Stalley and Hallback contend that this collective knowledge includes the advice and assistance of NICE's in-house and outside counsel. (Id. at 8). Furthermore, Stalley and Hallback submit that Krueger's declaration does not contain legal conclusions, but instead, contains statements of fact related to the kind of company NICE is and the kind of equipment it provides to its customers, which includes ADS. (Id.). As a result, Stalley and Hallback submit that the Krueger declaration is to be considered under the Rule 30(b)(6) standard.

In Atlantic Marine Florida, LLC. v. Evanston Insurance Company, No. 3:08-cv-538-J-20TEM, 2010 WL 1930977, at *1 (M.D. Fla. May 12, 2010), the plaintiff filed an affidavit of its authorized corporate representative in support of its motion for summary judgment. However, the defendant sought to strike the affidavit because "it [was] replete with inadmissible hearsay, including statements not based on personal knowledge, legal/opinions/conclusions, and self-serving speculation as to the parties' intent." (Id.). Specifically, defendants argued that "review of the relevant corporate documents prior to submitting a declaration on

5

behalf of the corporation, as its authorized representative, is insufficient to meet the 'personal knowledge' requirement set forth in Rule 56." (Id.). This Court declined to strike the corporate representative's affidavit on the grounds of insufficient personal knowledge. (Id. at *3). This Court found that it was unnecessary for a corporate representative designated as a Rule 30(b)(6) witness to have direct, personal knowledge of each and every fact discussed in an affidavit or deposition because a Rule 30(b)(6) representative can be inferred to have knowledge on behalf of the corporation as the corporation is meant to appear vicariously through its designated representative. (Id. at *2).

The facts in this case are similar to those presented in Atlantic Marine Florida. Krueger is a 30(b)(6) corporate designee, his declaration was filed in support of Stalley and Hallback's Renewed and Amended Motion for Partial Summary Judgment, and ADS's argument to strike the declaration is based in part on Kruger's lack of personal knowledge. Accordingly, upon review, this Court, as it did in Atlantic Marine Florida, denies ADS's Motion to Strike because it is "not necessary for [Kruger] to have direct, personal knowledge of each and every fact discussed in [the

6

declaration]." See <u>Sunbelt Worksite Mktg., Inc.</u>, 2011 WL 3444256.

Furthermore, to the extent that ADS contends Krueger's declaration should be stricken because it contains legal conclusions in support of Stalley and Hallback's Renewed and Amended Motion for Partial Summary Judgment, this Court disagrees. The Court has reviewed the declaration, and while it could be construed as containing legal conclusions, it is based on personal knowledge and is otherwise sufficient to survive the present Motion to Strike. This Court is fully capable of separating the wheat from the chaff in documents submitted into evidence. In ruling on the pending motions for summary judgment, this Court will not substitute the legal conclusions drawn by Krueger, or any affiant for that matter, for its own judicial analysis.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant ADS Alliance Data Systems, Inc.'s Motion to Strike Declaration of Andrew Krueger (Doc. # 276) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>14th</u> day of January, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

7

Copies: All Counsel of Record