```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                   TAMPA DIVISION
```

DOUGLAS B. STALLEY, in his
capacity as Personal Representative
of the Estate of Gary Robertson
and JEREMIAH HALLBACK, individually,
and on behalf of all those similarly
situated,

        Plaintiffs,

v.                      Case No. 8:11-cv-1652-T-33TBM

ADS ALLIANCE DATA SYSTEMS, INC.,

        Defendant.
_____/

### ORDER

This cause comes before the Court *sua sponte*. Upon review of the record and for the reasons stated below, the Court finds that it continues to retain subject matter jurisdiction over this action even after denying Plaintiffs Douglas B. Stalley, in his capacity as Personal Representative of the Estate of Gary Robertson, and Jeremiah Hallback's Third Motion for Class Certification.

### I. **Background and Procedural History**

Gary Robertson initiated this putative class action in state court on June 22, 2011, against Defendant ADS Alliance Data Systems, Inc. for alleged violations of the Florida

Security of Communications Act ("FSCA"), Fla. Stat. § 934.01 *et seq*. (Doc. # 2). The FSCA prohibits a party to a conversation from recording the conversation – including wire, oral or electronic communications – without the consent of all parties to the conversation, with some specific exceptions. See Fla. Stat. §§ 934.01 *et seq*. ADS removed the case to this Court on July 25, 2011, pursuant to the federal Class Action Fairness Act ("CAFA"). (Doc. # 1).

On October 24, 2011, Robertson moved to certify the putative class. (Doc. # 20). However, while that motion was pending, Robertson passed away (Doc. # 82), and Douglas Stalley, as Personal Representative of Robertson's estate, was substituted as Plaintiff in this action (Doc. # 87). Stalley subsequently requested leave to file a Second Amended Complaint, stating, "The adding of Mr. Hallback is proper in this case because the relief Mr. Hallback would seek arises out of the exact same conduct as alleged by Mr. Robertson in the prior complaints, i.e., being illicitly recorded by Defendant in contravention of his privacy rights pursuant to Chapter 934, Florida Statutes." (Doc. # 88 at 3). The Court granted the Motion (Doc. # 100), and the Second Amended Complaint, filed on July 30, 2012, added Jeremiah Hallback as

a Plaintiff and included an amended class definition (Doc. # 103).

Stalley and Hallback filed a Notice to Correct Record on December 26, 2012 (Doc. # 130), and an Amended Notice to Correct Record on December 28, 2012 (Doc. # 131). In the Amended Notice, Stalley and Hallback stated that "Hallback . . . previously represented to this Court [that he had] never held any credit accounts with either World Financial Network National Bank or World Financial Capital Bank [and had] never been a debtor of any account serviced by Defendant." (Doc. # 131 at ¶ 6). Stalley and Hallback claimed that unbeknownst to Hallback, "Hallback did have a credit account with the Home Shopping Network . . ., which is a World Financial Capital Bank account." (Id. at ¶ 7). Representing that the factual discrepancy has little importance, Stalley and Hallback argued, "Essentially, the fact that Mr. Hallback had a HSN account does not impact the claims in this case." (Id. at ¶ 11).

On January 16, 2013, ADS moved the Court to strike the Notices (Doc. # 145), and on May 13, 2013, the Court granted ADS's Motion to Strike Unauthorized Papers (Doc. # 196). The Court found that "allowing [Stalley and Hallback] to, effectively, amend the pleadings - as well as subsequently filed motions - without leave of Court and without affording Defendant an opportunity to object to such an amendment, would

3

be prejudicial to Defendant.'' (Id. at 6-7). Stalley and Hallback moved to amend the Second Amended Complaint (Doc. # 197), and on June 4, 2013, the Court granted the motion and denied as moot all pending motions (Doc. # 206). Stalley and Hallback filed the Third Amended Complaint the same day. (Doc. # 208).

Stalley and Hallback filed the Third Motion for Class Certification on June 27, 2013. (Doc. # 210). On November 25, 2013, the Court denied Stalley and Hallback's Third Motion for Class Certification because Stalley and Hallback failed to demonstrate that this action falls within one of the three categories of class suits described in Fed. R. Civ. P. 23(b), and they failed to show that the proposed class is clearly ascertainable. (Doc. # 304). That same day, the Court entered the following Order:

> ENDORSED ORDER TO SHOW CAUSE: On November 25, 2013, this Court entered an Order denying Plaintiffs' Motion for Class Certification. Defendant removed this case under the Class Action Fairness Act of 2005 and further alleged that the parties were also completely diverse. No federal questions are implicated in this action and, in a diversity case, a district court has jurisdiction only if the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). However, absent class certification, it is not clear that the amount in controversy in this action exceeds $75,000. Accordingly, this Court directs Plaintiffs to show cause in writing, on or before December 6, 2013, as to why this case should

4

> not be dismissed for lack of subject matter
> jurisdiction.

(Doc. # 305)(internal citations omitted). After granting Stalley and Hallback an extension in which to file a response to the Court's Order (Doc. # 306), Stalley and Hallback filed a response on December 10, 2013 (Doc. # 309). In the response, Stalley and Hallback submitted that they intended to appeal the Court's Order denying their Third Motion for Class Certification. (Id. at ¶ 3). However, "if the [Eleventh Circuit] affirms the denial of certification, at that point, [Stalley and Hallback] would be left with individual claims that do not exceed $75,000, exclusive of interest, costs and attorney's fees." (Id. at ¶ 4).

Although not required to do so by this Court, ADS also filed a response to the Court's Order contending that this Court should retain subject matter jurisdiction over this action pursuant to the Class Action Fairness Act, despite the Court's Order denying class certification. (Doc. # 310). Thereafter, on December 30, 2013, Stalley and Hallback filed a supplement to their response to the Court's Order informing the Court that "[a]fter careful consideration, [Stalley and Hallback] have decided not to file a petition for permission to appeal the Court's Order . . . denying [Stalley and

Hallback's] Third Motion for Class Certification." (Doc. # 315).

## II. Discussion

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations omitted). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

ADS removed this action contending that the Court possessed federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d), which confers jurisdiction in class actions where the amount in controversy exceeds $5 million and the putative class includes more than 100 members. (Doc. # 1); see 28 U.S.C. § 1332(d). Section 1332(d) requires only "minimal diversity" - "only one member of the plaintiff class - named or unnamed - must be diverse from any one defendant." Lowery v. Ala. Power Co., 483 F.3d 1184, 1194 n.24 (11th Cir.

6

2007). However, on November 25, 2013, this Court denied Stalley and Hallback's Third Motion for Class Certification finding that this matter is inappropriate for class action certification. (Doc. # 304). Thus, the Court must now shift its consideration to whether it continues to retain jurisdiction over the claims of the individual plaintiffs – Stalley and Hallback.

ADS submits that this Court should retain jurisdiction over Stalley and Hallback's FSCA claims citing to Vega v. T-mobile USA, Inc., 564 F.3d 1256, 1268 n.12 (11th Cir. 2009). In Vega, the Eleventh Circuit, in analyzing whether non-certification of a class action would divest the court of jurisdiction, stated:

> We note that the plaintiff's failure to make a showing of numerosity with respect to the Florida-only class, which gives rise to the possibility that there are fewer than 100 members of the newly-narrowed Florida-only class, does not divest the federal courts of subject matter jurisdiction under the CAFA. See 28 U.S.C. § 1332(d)(5)(B). Even if it were later found that the narrowed, Florida-only class numbers fewer than 100, the § 1332(d)(5)(B) limitation applies only to "proposed" plaintiff classes (as opposed to classes actually certified or that go to trial); jurisdictional facts are assessed at the time of removal; and post-removal events (including non-certification, de-certification, or severance) do not deprive federal courts of subject matter jurisdiction. See Cooper

7

v. R.J. Reynolds Tobacco Co., 586 F. Supp. 2d 1312, 1318-22 (M.D. Fla. 2008) (construing mass action provision of the CAFA), rev. denied, No. 08-90021 (11th Cir. Oct. 28, 2008); S.Rep. No. 109-14, at 70-71 (2005), as reprinted in 2005 U.S.C.C.A.N. 3, 66 ("Current law (that [the CAFA] does not alter) is also clear that, once a complaint is properly removed to federal court, the federal court's jurisdiction cannot be 'ousted' by later events."); see also Bullard v. Burlington N. Santa Fe Ry. Co., 535 F.3d 759, 762 (7th Cir. 2008).

Id. In Vega, upon finding that the district court abused its discretion in granting class certification, the Eleventh Circuit vacated the district court's order and remanded the case with the instruction that the plaintiff's claims proceed individually. Id. at 1280.

However, in Mills v. Foremost Insurance Company, a district court acknowledged, subsequent to Vega, that "While CAFA does create federal jurisdiction prior to class certification, the statute fails to address whether post-removal denial of a class divests a federal court of jurisdiction." No. 8:06-cv-00986, 2011 WL 440163, at *2 (M.D. Fla. Jan. 31, 2011); see also Samuel v. Universal Health Servs., 805 F. Supp. 2d 284, 286-87 (E.D. La. 2011)(stating "CAFA does not address what happens to a district court's jurisdiction if, after removal, it denies a motion to certify a class."). Therefore, "it [is] clear that the issue of

8

whether retention . . . of individual claims is proper, given the post-removal decertification order and [the failure to satisfy the amount in controversy requirement], is one that cannot be resolved by statute alone." Mills, 2011 WL 440163 at *2.

In analyzing how district courts around the country treat the present issue, the Mills court stated:

> Several district courts around the country that have concluded jurisdiction under CAFA continues often note that jurisdiction is determined at the time a complaint is filed or at the time of removal. These courts also treat . . . the denial of class certification as a change in a jurisdictional fact, relying on the general principle that changes in jurisdictional facts do not affect jurisdiction. However, this Court notes that such a result and analysis has not been uniform throughout all district courts. Other district courts have concluded that the denial of class certification is not a post-filing or post-removal change in jurisdictional facts, but instead a legal determination that the plaintiffs' claims did not constitute an actual or potential class action. These courts ultimately conclude that denial of class certification is effectively a determination that there is not and never was CAFA jurisdiction.

Id. at *3 (internal citations omitted). Throughout its analysis, the Mills court demonstrated that "[g]iven CAFA's nondescriptive nature" the determination of whether this Court retains jurisdiction is uncertain and as a result must

be examined through the context of previously established opinions. (Id. at *2).

After providing an analysis of Vega and analyzing how the Seventh and Ninth Circuits address the present issue, the Mills court was "guided" in its decision to retain jurisdiction by denying the pending motion to remand. Id. at *3; see Bullard v. Burlington N. Santa Fe Ry. Co., 535 F.3d 759, 761 (7th Cir. 2008)(declining, in the context of mass action, to allow a post-removal filing to affect the court's CAFA jurisdiction because the court "doubt[ed] that anything filed after a notice of removal can affect federal jurisdiction"); Cunningham Charter Corp. v. Learjet, Inc., 592 F.3d 805 (7th Cir. 2010)(holding that federal jurisdiction under CAFA does not depend on certification); United Steel v. Shell Oil Co., 602 F.3d 1087, 1089 (9th Cir. 2010)(holding that "[i]f the putative class action was properly removed to begin with, the subsequent denial of Rule 23 class certification does not divest the district court of jurisdiction.").

Although Vega's precise phrasing gives this Court pause as to whether it must retain jurisdiction over this action, it is nonetheless apparent from the Eleventh Circuit's act of vacating the district court's order and remanding the case

with the instruction that the plaintiff's claims proceed individually, that the Eleventh Circuit is giving district courts the green light to retain CAFA jurisdiction even after denial of class certification. Therefore, this Court finds that it continues to retain subject matter jurisdiction over the present action even after denial of Stalley and Hallback's Third Motion for Class Certification.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

This Court continues to retain subject matter jurisdiction over the present action even after denial of Plaintiffs Douglas B. Stalley, in his capacity as Personal Representative of the Estate of Gary Robertson, and Jeremiah Hallback's Third Motion for Class Certification.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 31st day of January, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All counsel of record